IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RUDY LOPEZ, et. al., | CASE NO. 5:13-cv-04475 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| BANK OF AMERICA, N.A., | [Docket Item No(s). 9] |
| Defendant(s). | |

### I.   INTRODUCTION

On or about April 23, 2005, Plaintiffs Rudy Lopez and Maria T. Magana ("Plaintiffs") executed a Deed of Trust for $322,000.00 in favor of Defendant Bank of America, N.A. ("Defendant") in order to purchase certain real property located in Watsonville, California. See Compl., Docket Item No. 1, at ¶¶ 9, 13; see also Req. for Judicial Notice ("RJN"), Docket Item No. 6.[1]

In this action originally filed in state court on May 7, 2013, Plaintiffs allege that Defendant and a brokerage firm, Crystal Estates, affirmatively misrepresented the material terms of the loan underlying the Deed of Trust. See Compl., at ¶ 10. In that regard, Plaintiff's contend they were misled concerning the true nature of an adjustable rate loan with an interest only period through

---

[1] Defendant's RJN is GRANTED. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

"classic bait and switch tactics by representing that their fixed monthly payments would pay off the balance of the loan." Id. at ¶¶ 16, 22. The further contend Defendants took advantage of their limited ability to read English. Id. at ¶ 22. Plaintiffs assert four causes of action: (1) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code § 17200 et. seq., (2) fraud, (3) negligent misrepresentation, and (4) breach of the covenant of good faith and fair dealing.

According to the Notice of Removal federal jurisdiction arises under 28 U.S.C. § 1332. Presently before the court is Defendant's Motion to Dismiss. See Docket Item No. 9. Plaintiffs did not file written opposition to the motion, and the time for filing such opposition has passed. See Docket Item No. 14. Having carefully considered the relevant documents, the court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b). The hearing scheduled for March 21, 2014, will therefore be vacated and the motion to dismiss will be granted for the reasons stated below.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th

Cir. 1988). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001). "[M]aterial which is properly submitted as part of the complaint may be considered." Twombly, 550 U.S. at 555. Furthermore, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

### III.   DISCUSSION

Defendant supports of its Motion to Dismiss with a series of arguments, but one is particularly compelling in light of the fact that the motion is unopposed.[2] It involves the statute of limitations.

Although a Rule 12(b)(6) motion cannot generally be used to raise an affirmative defense, it may be the proper vehicle to raise a complete defense or bar to recovery appearing on the face of the complaint, such as the expiration of the statute of limitations. See Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980). A motion to dismiss based on the running of the statute of limitations may be granted "only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996).

Here, Defendant argues that each cause of action is barred by the statute of limitations that applies because Plaintiffs executed the loan documents in 2005 and this action was not filed until 2013. Based on the eight year time span between these two events, the court must agree that Plaintiff's claims are presumptively time-barred. Indeed, claims under the UCL are subject to a four-year statute of limitations. Cal. Bus. & Prof. Code § 17208. The statute of limitations is three years for claims of fraud and negligent misrepresentation. Cal. Civ. Proc Code § 338(d); E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1316-17 (explaining that "a cause of action for negligent misrepresentation typically is subject to a two-year limitations period" but that § 338(d) "applies more specifically to those quasi-contract actions which seek recovery of money obtained by

---

[2] This is not to say that Defendant's other arguments are not similarly meritorious. Many of them are, including the argument that Plaintiffs did not meet the heightened pleading standard required for claims sounding in fraud. See Fed. R. Civ. P. 9(b).

fraud or mistake."). And a claim for breach of the covenant of good faith and fair dealing must be filed within four years. Cal. Code Civ. Proc. § 337(1).

Despite the facial untimeliness of the claims, Plaintiffs nonetheless attempt to invoke equitable tolling by alleging they did not "become aware of the fraud and misrepresentation" until June of 2010 "when the monthly payments changed." See Compl., at ¶ 34. But equitable tolling is only appropriate under specific circumstances, none of which exist here. "Equitable tolling is generally applied in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." O'Donnell v. Vencor Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) (internal quotations omitted). As to these two potential tolling scenarios, there are no allegations in the Complaint to support the former. The same is true of the latter, particularly since Plaintiffs rely on conduct that occurred during the loan origination process in 2005, and since Plaintiffs did not oppose this motion, there is no reasonable explanation as to why Plaintiffs did not read the loan documents before or at the time they signed them - or in the five years following. See Hague v. Wells Fargo Bank, N.A., No. C11-02366 THE, 2012 U.S. Dist. LEXIS 41013, at *14, 2012 WL 1029668 (N.D. Cal. March 26, 2012) ("Where there existed, from the time the loan was made, papers which disclosed the terms of the loan, it would seem that reasonable diligence would have enabled Plaintiff to discover the problem."). Moreover, Plaintiffs' alleged limited English capabilities do not form a basis for equitable tolling. See Cervantes v. Countrywide Home Loans, Inc., No. 09-17364, 656 F.3d 1034, 1045-46 (9th Cir. 2011).

Without an equitable exception rendering it timely, this action is completely time-barred as plead. And in the absence of something from Plaintiffs detailing what additional facts could be plead to support tolling, the court further finds that allowing for amendment would be futile. Thus, the claims will be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988).

### IV. ORDER

Based on the foregoing, Defendant's Motion to Dismiss (Docket Item No. 9) is GRANTED.

4
CASE NO. 5:13-cv-04475 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

All causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

Since this result effectively resolves this action, judgment will be entered in favor of Defendant. The hearing scheduled for March 21, 2014, is VACATED and the clerk shall close this file.

**IT IS SO ORDERED.**

Dated: March 19, 2014

EDWARD J. DAVILA
United States District Judge